UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REV. XIU HUI "JOSEPH" JIANG, )
 )
      Plaintiff, )
 )
vs. ) Case No. 4:18-cv-01872-AGF
 )
TONYA LEVETTE PORTER and )
THE CITY OF ST. LOUIS, )
 )
      Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion to dismiss under Rule 12(b)(6) (ECF No. 10) and Defendant Porter's motion for the assessment of costs under Rule 41(d) (ECF No. 9). For the reasons set forth below, Defendants' motion to dismiss will be granted in part and denied in part, and Porter's motion for costs will be denied.

## **BACKGROUND**

Plaintiff, a Chinese-born Catholic priest, originally filed a complaint against multiple defendants in an earlier case asserting that they had falsely accused him of and charged him with child sexual abuse. Case No. 4:15-CV-1008. Specifically, Plaintiff asserted that the child's parents fabricated the allegations for monetary gain, that St. Louis police officers conducted an inadequate investigation and targeted Plaintiff for prosecution based on his religion and ethnicity, and that the non-profit organization Survivors Network of those Abused by Priests (SNAP) and certain SNAP representatives led a public smear campaign against him. The criminal case against Plaintiff remained

pending from April 2014 until June 2015 when it was dismissed shortly before trial.[1] Plaintiff filed his first complaint a week later asserting a total of 15 counts, including various civil rights violations under 42 U.S.C. § 1983 as well as claims of conspiracy, malicious official acts, abuse of process, defamation, and intentional infliction of emotional distress. Plaintiff's claims against the City of St. Louis were dismissed under Rule 12(b)(6) for failure to state a claim. *Jiang v. Porter*, 156 F. Supp. 3d 996, 1010 (E.D. Mo. 2015) (J. Jackson). Plaintiff's claims against the other defendants survived, and discovery proceeded litigiously for nearly two years, ultimately resulting in sanctions against some defendants and finally settlement.[2] During that time, Plaintiff discovered information that he believed revived his claims against the City, namely that the defendant officers' superior, Sergeant Davis, ordered Plaintiff's arrest in violation of department practice and procedure. In light of this revelation, Plaintiff sought to either amend his complaint or dismiss and re-file the case in order to pursue his claims against the City. 4:15-CV-1008, ECF No. 259.

Defendants objected to Plaintiff's motion to amend but consented to Plaintiff's

---

[1] In his complaint, Plaintiff pleads that the police defendants refused his offer to take a polygraph test, though the procedure was standard. Plaintiff eventually underwent the test and "passed," meaning he was found to be truthful in denying the accusations against him.

[2] One of the parents, A.M., could not be served and was dismissed from the suit. 4:15-CV-1008, ECF No. 82. The Court's orders granting Plaintiff's motion for sanctions against SNAP (ECF No. 169) and against the other parent, N.M., were later vacated in connection with the parties' settlement (ECF Nos. 254, 255). The other police officer defendant named in the first suit, Jaimie Pitterle, was not named in this second suit.

voluntary dismissal without prejudice under Rule 41(a). 4:15-CV-1008, ECF No. 260. Defendants did not request fees or expenses at that time. The Court (J. Shaw) denied Plaintiff's motion to amend but granted his motion for voluntary dismissal and closed the case on November 21, 2017. 4:15-CV-1008, ECF No. 262.

On November 1, 2018, Plaintiff filed the new complaint now pending. As relevant to his remaining claims, Plaintiff's new complaint is substantially similar to his 2015 complaint, with the additional allegation that Sergeant Davis was selling police records to local attorneys as leads to generate civil suits against priests. ECF No. 1, ¶ 52-54, 72. Upon receipt of summons, Defendants filed the present motion to dismiss, and Porter filed a motion for costs incurred in the first case.

## DISCUSSION

**Motion to Dismiss**

Defendants seek dismissal of the entirety of Plaintiff's re-filed complaint as to both the City and Officer Porter. As a preliminary matter, the Court notes that neither side raises arguments with respect to preclusion as a bar to Plaintiff's reassertion of claims against the City or Porter's reassertion of qualified immunity, the merits of which were previously adjudicated on a motion to dismiss in the first case. While this Court has the authority to raise preclusion issues *sua sponte*[3] and questions the propriety of the

---

[3] The Court may raise preclusion *sua sponte* "because doing so is consistent with policies that underlie the purpose of preclusion: avoiding the burdens of a party unnecessarily

3

parties' reciprocal "second bite" in this action — on principles of collateral estoppel at a minimum[4] — the Court sees no reason to undertake the analysis insofar as the ultimate result is the same. Nonetheless, this Court need not repeat the entirety of Judge Jackson's analysis but will simply summarize it and elaborate as warranted.

Legal Standards

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

---

litigating an action twice and preserving judicial resources." *J.Y.C.C. v. Doe Run Res., Corp.*, 4:15 CV 1704 RWS, 2019 WL 3215871 at *3 (E.D. Mo. July 16, 2019) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000) ("If a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte* even though the defense has not been raised.")). *See also Elbert v. Carter*, 903 F.3d 779 (8th Cir. 2018) (affirming district court's *sua sponte* dismissal of claims previously dismissed in an earlier action).

[4] "[R]ecent decisions have relaxed traditional views of the finality requirement in the collateral estoppel context by applying the doctrine to matters resolved by preliminary rulings." *In re Nangle*, 274 F.3d 481, 484–85 (8th Cir. 2001). For purposes of issue preclusion, a final judgment "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Germain Real Estate Co., LLC v. HCH Toyota, LLC*, 778 F.3d 692, 696 (8th Cir. 2015) (quoting *Restatement (Second) of Judgments* at § 13 and deeming a dismissal without prejudice a final judgment where parties litigated the same issues in an earlier state court action). "This may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id*. Judge Jackson's Rule 12(b)(6) ruling was final for purposes of appeal even though the same immunity arguments could have been raised again on summary judgment. *Behrens v. Pelletier*, 516 U.S. 299 (1996).

court must accept the complaint's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. *Id*. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see also McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015). Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

Claims Against Officer Porter

Plaintiff's claims against Porter were and are the following (enumerated by counts): (I) religious discrimination; (II) selective enforcement based on religion; (III) selective prosecution based on religion; (IV) selective enforcement based on race and national origin; (V) selective prosecution based on race and national origin; (VI) violation of substantive due process – conduct shocking the conscience; (VII) conspiracy to violate civil rights; (VIII) malicious official acts; (XII) abuse of process; and (XIII) intentional infliction of emotional distress. Judge Jackson denied Defendants' motion to dismiss in the first case as to all of these claims on the same grounds asserted here. *Jiang*, 156 F. Supp. 3d at 1010.

Specifically, as to Counts I through VI, Defendants sought and again seek

dismissal of the claims against Porter on the basis of qualified immunity. "Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 1003 (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Dismissal on the basis of qualified immunity is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his constitutional claims which would entitle him to relief." *Id*.

As applicable to Counts I through V, "[s]elective prosecution and selective enforcement claims are judged according to ordinary equal protection standards." *Id*. at 1004. "These claims require a plaintiff to show both a discriminatory effect and that the state actors were motivated by a discriminatory purpose." *Id*. Judge Jackson rejected Porter's qualified immunity defense on these counts, finding that Plaintiff had sufficiently pleaded that he was targeted for prosecution based on his religion, race, and national origin. Specifically, the Court cited Plaintiff's allegations that: Defendants ordinarily conduct substantial investigations before charging someone with child sexual abuse, but here Defendants conducted only a minimal investigation; had Defendants been more thorough here, they would have identified several reasons to doubt the veracity of the accusations against Plaintiff; and Defendants ordinarily allow an accused person to take a polygraph test but did not here. *Id*. This Court finds Judge Jackson's reasoning sound. Moreover, Plaintiff's new complaint asserts the additional allegation that Porter knew

6

that the police report containing accusations against Plaintiff was one of the many sold to local attorneys to generate civil suits against priests. ¶¶ 53, 72. The complaint also states that Plaintiff is the only Chinese priest in St. Louis City and is thus easily identifiable. ¶ 28. Accepting the foregoing allegations as true at this stage, the Court agrees with Judge Jackson that Plaintiff's complaint sufficiently pleads that he was targeted as a result of his religion, race, and national origin. Defendants' motion to dismiss as to Counts I through V on the basis of qualified immunity will be denied.

With respect to Count VI, a violation of substantive due process occurs when an official has violated a person's constitutional right by conduct that shocks the contemporary conscience. *Id*. at 1005 (citing *Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th Cir. 2007)). As Judge Jackson observed, law enforcement officers are not entitled to qualified immunity when they conspire to wrongfully prosecute a person whom they know or should know to be innocent (which the Court must accept as true at this stage). *Id*. (citing *Moran v. Clark*, 359 F.3d. 1058, 1060 (8th Cir. 2004)). Again here, Judge Jackson's reasoning is reinforced by Plaintiff's additional allegation that Porter knew that Sgt. Davis was selling police records, including those implicating Plaintiff, to generate lawsuits against priests. ¶¶ 53, 72. Porter is not entitled to dismissal of Count VI based on qualified immunity at this stage of the case.

With respect to Count VII, Plaintiff's 2015 and 2018 complaints are materially different. Plaintiff's 2015 complaint asserts a count of conspiracy against multiple

defendants (namely Porter, the SNAP defendants, and the parents) alleging that they all conspired together to violate Plaintiff's civil rights. Judge Jackson denied the defendants' motion to dismiss on that claim. *Jiang*, 156 F. Supp. 3d. at 1010. But the parents and SNAP defendants are absent from the present suit. Plaintiff's 2018 conspiracy claim names only Porter and the City as defendants and alleges only that Porter conspired with others in the City's police department. As such, Defendants now contend that Plaintiff's revised claim is defeated by the intra-corporate conspiracy doctrine, which "provides that a local government entity cannot conspire with itself through its agents acting within the scope of their employment." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1078 (8th Cir. 2016). "Government agents can act within the scope of their employment duties even though a complaint alleges improprieties in the execution of these duties." *Id*. (citing *L.L. Nelson Enterprises, Inc. v. St. Louis County*, 673 F.3d 799, 812 (8th Cir. 2012)). Plaintiff's responsive brief fails to address this precedent, which the Court interprets to mandate dismissal. Consequently, Defendants' motion to dismiss on Count VII will be granted.

With respect to Plaintiff's state law claims against Porter for malicious official acts (Count VIII), abuse of process (Count XII), and intentional infliction of emotional distress (Count XIII), Defendants sought and again seek dismissal on the basis of official immunity. "Under Missouri law, the doctrine of official immunity protects public officials from civil liability for injuries arising out of their discretionary acts or omissions

performed in the exercise of their official duties." *Jiang*, 156 F. Supp. 3d at 1005 (citing *McLean v. Gordon*, 548 F.3d 613, 617 (8th Cir. 2008)). "However, official immunity is a qualified immunity and does not apply to those discretionary acts done in bad faith or with malice." *Id*. at 1006. Judge Jackson determined that Porter was not entitled to official immunity based on numerous express and implied allegations of bad faith and malice asserted in Plaintiff's complaint, all characterized as a deviation from standard investigative practices in a concerted effort to target Plaintiff based on religious animus. *Id*. at 1006. Once again, Plaintiff's allegations of bad faith and malice are fortified by his additional assertion that Porter knew that Sergeant Davis had sold the police report implicating Plaintiff to a local attorney as a business lead. ¶ 53. Accepting Plaintiff's pleadings as true at this stage, the Court must conclude that Porter is not entitled to official immunity on Plaintiff's state law claims in Counts VIII, XII, and XIII.

"A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims." *Bartis v. John Bommarito Oldsmobile-Cadillac, Inc.*, 626 F. Supp. 2d 994, 997 (E.D. Mo. 2009) (internal citations omitted). Through this lens, Defendants' motion to dismiss claims against Porter must be denied with respect to Counts I through VI, VIII, XII, and XIII. Defendants' motion is granted with respect to Count VII.

Claims Against the City

Plaintiff re-asserts his 2015 claims against the City on theories of vicarious liability for Porter's conduct (IX), § 1983 *Monell*[5] liability as a result of the City's unconstitutional policy and practice (X), and § 1983 *Monell* liability as a result of the City's failure to train and supervise (XI). Plaintiff also adds the City as a defendant with Porter on his state law claims of conspiracy (VII) and malicious official acts (VIII).

On Plaintiff's conspiracy claim (VII), as discussed above regarding Porter, the intra-corporate conspiracy doctrine prescribes dismissal of this claim as to the City as well. *Kelly*, 813 F.3d at 1078. On Plaintiff's claims of malicious official acts (VIII) and vicarious liability (IX), the City asserts sovereign immunity. Judge Jackson previously dismissed Plaintiff's vicarious liability claim on that basis (*Jiang*, 156 F. Supp. 3d at 1007), and this Court agrees that sovereign immunity bars both Counts VIII and IX. Plaintiff's new allegation does not affect the analysis. Sovereign immunity precludes suits against the government or political subdivisions unless expressly waived, such as by statute allowing suits for personal injuries from motor vehicle or premises accidents, or by the purchase of liability insurance. *Jiang*, 156 F. Supp. 3d at 1007, citing Rev. Stat. Mo. § 537.600.1 and § 537.610.1. Where a claim fails to plead an exception, it must

---

[5] Referring to *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658 (1978), holding that liability for a constitutional violation may attach to a municipality if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise.

dismissed. *Id*. Plaintiff failed to plead any waiver of immunity and does not address this issue in his responsive brief on Defendants' present motion. Consequently, Counts VIII and IX will be dismissed as against the City.

In Counts X and XI, Plaintiff asserts § 1983 claims that Judge Jackson previously dismissed in the first suit. *Id*. at 1008-1010. Under *Monell*, a municipality may be liable for a constitutional violation resulting from an "official policy" or from an "unofficial custom." An official policy includes the acts of policy-making officials as well as practices so persistent and widespread as to practically have the force of law. *Id*. at 1008. Alternatively, unofficial custom is demonstrated by the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the municipality's employees and deliberate indifference to or tacit authorization of such conduct by policymaking officials after notice of that misconduct. *Id*. Judge Jackson found Plaintiff's complaint insufficient to allege a policy or custom in that Plaintiff only generally pleaded that, in launching and maintaining baseless prosecutions, the police defendants acted with the approval of department supervisors or City policy-makers. *Id*. (citing ¶61 of the 2015 complaint). The Court found the remaining allegations conclusory. *Id*. (referring to ¶142-145 of the 2015 complaint).

Plaintiff's new complaint restates those pleadings and contains the additional general allegation that Sergeant Davis was selling police records to local attorneys to generate lawsuits, which the police department knew or should have known because

11

Davis was using department computers and email. ¶ 54. Plaintiff thus claims that the City had a "practice" of allowing the scheme. ¶ 54. Notwithstanding Plaintiff's strategic characterization, this single allegation is insufficient to reasonably infer that there was a persistent and widespread pattern of unconstitutional misconduct of which the City was on notice and to which City officials were deliberately indifferent. The mere fact that Sergeant Davis may have used department computers and email is not sufficient to show the required notice. Plaintiff's specific pleadings on Count X are equally deficient in that they largely mirror those Judge Jackson deemed conclusory in the first case, adding only that department officials promulgated a "policy and practice to thwart routine investigation into the false allegations against [Plaintiff]." ¶ 128. But Plaintiff fails to articulate concrete facts describing a widespread practice. While a plaintiff need not specifically identify an unconstitutional policy or custom, he must at least allege facts which would support its existence. *Jiang*, 156 F. Supp. 3d 1008. A plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Twombly,* 550 U.S. at 545. Here, Plaintiff's complaint actually belies a widespread practice insofar as he claims that Defendants did *not* follow standard policy and practice in investigating the accusations against him. ¶ 49, ¶ 56, ¶ 65-66, ¶ 69-71. Stated differently, Plaintiff's claim

12

that he was individually targeted refutes his concurrent claim that he was the victim of a pervasive practice. Absent factual allegations, beyond conclusory labels, permitting a reasonable inference that Porter's conduct resulted from an official policy or a persistent and widespread custom, Count X of Plaintiff's complaint fails to state a claim under *Monell*.

For Count XI, Plaintiff asserts that the City failed to adequately train and supervise Porter and other officers regarding impermissible discrimination and proper arrest and investigation procedures. The inadequacy of training or supervision may serve as the basis for municipal liability under *Monell* only when it amounts to deliberate indifference, and after actual or constructive notice that the deficiency has led to a pattern of unconstitutional acts by employees. *Jiang*, 156 F. Supp. 3d at 1009. Judge Jackson deemed Plaintiff's 2015 complaint insufficient because he failed to support his assertions beyond the mere fact of the officers' conduct, without any factual allegations suggesting that the City employed deficient training or supervision practices or had actual or constructive notice of a pattern of unconstitutional acts by its officers. *Id*. at 1010. Count XI of Plaintiff's re-filed complaint is identical except for the additional assertion that the City's failure to investigate or prevent abuses regarding the sale of police records to local attorneys constitutes a policy practice or custom. This conclusory assertion fails to cure the deficiencies in Plaintiff's 2015 complaint. As Judge Jackson explained, the complaint still lacks any concrete allegations concerning the City's training or supervision practices,

much less the City's knowledge of, or deliberate indifference to, a widespread pattern. Consequently, Count XI still fails to state a claim against the City under *Monell*.

For the foregoing reasons, Plaintiff's claims against the City, asserted in Counts VII, VIII, IX, X, and XI, must be dismissed.

**Porter's Motion for Costs**

In her motion for costs, Officer Porter seeks to recover expenses incurred the first case that cannot be re-attributed to the present litigation, specifically: (1) her expenses from mediation of the previous case; (2) attorney fees related to Plaintiff's motion to amend or dismiss in that case; and (3) attorney fees for the present motion for costs. Plaintiff responds that Porter should have sought a conditional award in the previous case and should not be permitted to recoup her expenses now.

Rule 41(a)(2) allows a court to grant dismissal on terms it finds proper, which often includes an award of attorney fees in the event of re-filing. *See e.g., Richards v. Piccinini*, 4:17-CV-00954-NKL, 2019 WL 123005 at *1 (W.D. Mo. Jan. 7, 2019) (noting that this is not uncommon). The Court agrees with Plaintiff that Defendants should have raised this issue in the first case. Plaintiff clearly expressed his intent to re-file the case. Porter failed to request costs at that time, and the Court was not required to grant them *sua sponte*. *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 729 (8th Cir. 2014) (noting that the court has discretion not to award fees and costs when dismissing under Rule 41(a)).

Notwithstanding Defendants' omission in this regard, Rule 41(d) still permits the Court to award expenses when a plaintiff re-files the same claim against the same defendant. To obtain an award under Rule 41(d), the moving party must establish that: "(1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed litigation." *Vasquez v. Hill*, 4:11-CV-01561-AGF, 2012 WL 4936085 at *3 (E.D. Mo. Oct. 17, 2012). "However, if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff financially is unable to pay the costs, a court need not require payment of costs and attorney's fees." *Id.* An award under Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation." *Kent v. Bank of Am., N.A.*, 518 Fed. Appx. 514, 516 (8th Cir. 2013).

Upon careful consideration, the Court finds that an award under Rule 41(d) is not warranted here. A district court has discretion not to "shift the cost of mutually beneficial mediation engaged in by the parties in the exploration of possible settlement." *Richards*, 2019 WL 123005 at *2; *Wise v. HSBC Mortgage Corp.*, 4:15-CV-911, 2015 WL 6796955 at *3 (E.D. Mo. Nov. 6, 2015) (denying reimbursement for mediation). And Plaintiff's clear intent, known to Defendants, was to re-file his complaint in order to re-name the City as a defendant. Defendants consented to the dismissal, and Judge Shaw approved it. Given this record, the Court cannot say that Plaintiff's action was

"vexatious, unreasonable, or frivolous" so as to warrant a shifting of costs in Porter's favor. *See Vasquez v. Hill*, 2012 WL 4936085 at *4 (denying fees where action continued on eve of trial due to plaintiff's immigration status and later voluntarily dismissed). Simply put, this case does not present circumstances invoking the deterrent effects of Rule 41(d). Consequently, Porter's motion for costs will be denied.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Porter's motion for costs is **DENIED**. ECF No. 9.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is **GRANTED** with respect to Counts VII, IX, X, and XI. On Count VIII, the motion is **GRANTED** with respect to the City but **DENIED** with respect to Porter. The motion is **DENIED** with respect to Counts I-VI, XII, and XIII. ECF No. 10. Porter shall file an answer to Plaintiff's complaint by **October 15, 2019**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2019.